CHARLES L. ARMSBY, Appellant, *v.* THE SUPERVISORS OF WARREN COUNTY, Appellees.

APPEAL FROM WARREN.

The sheriff is not compelled to keep an office open at the county seat. He is permitted to occupy a room in the court house, if he chooses to do so. He is not obliged to provide for the accommodation of the public, and the county is not liable to pay for his lights, fuel, etc.

THIS was an action of assumpsit, commenced by the plaintiff, to recover for wood, coal, candles, blanks and stationery, provided by the plaintiff, for the use of his office, while acting as sheriff of Warren county, from December, 1852, to December, 1854.

The declaration contains, also, an indebitatus count, for money paid, laid out and expended by the plaintiff, for the use of the defendants, in providing said articles for the use of his office, while acting as sheriff of said county as aforesaid.

The defendants pleaded the general issue, and the cause was tried by THOMPSON, Judge, and a jury, at the September term, 1857, of the Warren Circuit Court.

The plaintiff, in support of the issues on his part, proved that from December, 1852, to December, 1854, he was sheriff of Warren county, and acted as such.

That during that period, he kept an office in the court house of said county, and was also collector of said county.

That he kept the tax books in his office, and by himself, or deputy, was generally in the office.

That during the time he was sheriff and collector, he furnished fuel, candles, coal, blanks and stationery, for the use of his office.

That the room occupied by plaintiff was also occupied by James G. Madden, as a law office.

That Madden furnished one-half of the fuel, each one buying one load alternately.

That said Madden furnished his own lights.

It was also proven by the plaintiff, that at each term of the board of supervisors, the plaintiff presented his bill for services rendered, but *not* including candles, wood, coal, blanks and stationery ; and at one time stated to the board in session, that other counties provided the sheriff with such articles, and he thought they ought to allow them to plaintiff; but the court was of a different opinion, and no formal bill was presented.

The plaintiff kept no account of the articles furnished, neither did Madden of the articles furnished for the office by him ; and that plaintiff had no certain means of ascertaining the precise amount furnished, but proved that it would take 200 to 300 bushels of coal, at from 12½ to 16 cents per bushel, each winter; from $10 to $15 per year for lights ; about $25 per year for blanks ; from $3 to $4 per year for ink, paper and pens. He furnished his own lights, at a cost of $15 or $16.

This was all the evidence in the case.

The plaintiff then asked the court to instruct the jury as follows:

1. If the jury believe, from the evidence, that the plaintiff acted in the capacity of sheriff of Warren county, from December, 1852, to December, 1854, and furnished the office, during that time, with lights, fuel and stationery, and that the County Court or board of supervisors refused to pay for the same, or

refused the money so expended by the sheriff for lights, fuel and stationery for the office of sheriff, then the plaintiff is entitled to recover the amount so expended, in this suit.

2. It is the duty of the county to furnish lights and fuel for the use of the office of the sheriff of the county.

3. It is the duty of the county to furnish lights, fuel and stationery for the use of the office of the sheriff of the county.

The court refused to give said instructions, to which the plaintiff excepted.

The court then gave the following instructions, asked for by the defendant, to which the plaintiff excepted :

1. If the jury believe, from the evidence, that the plaintiff was sheriff of the county of Warren, and occupied a room in the court house during his term of office, and that the fuel and lights in the plaintiff's account were furnished by him for his own office, then they will find for the defendants.

2. If the jury believe, from the evidence, that the plaintiff, while he was sheriff, furnished himself with printed blanks for his own use as an officer, and that these are the blanks sued for, then they cannot find for the plaintiff the value of such printed blanks.

3. The county is not by law required to furnish the sheriff of the county, fuel, lights and printed blanks, for the use of himself, in any office occupied by him as an officer, but these are to be furnished by the sheriff at his own expense.

4. The jury must believe, from the evidence, that there was an express promise by the defendants to pay the plaintiff for the articles claimed by him, or that they were furnished by the plaintiff for the use of the county, under such circumstances that the law will imply a promise to pay for the same.

5. If the jury believe, from the evidence, that the fuel, lights and blanks were used by the plaintiff in his own office, as sheriff of the county ; that there was no arrangement made at the time, or since, with the county, for the payment of the price thereof; that the plaintiff kept no account thereof against the county ; that no claim was made for payment until long after his term of office expired, and that the plaintiff used the articles for his own convenience, and that he voluntarily, without request of the county, donated these articles for the use to which they were applied, then the law does not imply any promise to pay.

The jury found a verdict for the defendants, and plaintiff moved for a new trial,

Because the court gave improper instructions to the jury on the part of defendant, and refused proper instructions asked by the plaintiff.

Because the verdict is contrary to law and evidence.

Which motion was overruled, and the court rendered judgment against the plaintiff for costs, and plaintiff appealed, and now assigns the following errors:

The court erred in refusing to give proper instructions asked for by plaintiff.

The court erred in giving improper instructions asked for by the defendant.

It was contrary to law and evidence.

The court erred in overruling the motion for a new trial, and rendering judgment for defendant.

WEAD & WILLIAMSON, for Appellant.

GOUDY & JUDD, for Appellees.

CATON, J. The statute does not compel the sheriff to keep an office open at the county seat, as it does the clerk. It permits him to occupy a room in the court house, but leaves it optional with him whether he will do so. He is under no obligation to provide for the public accommodation, as is the clerk, and we do not find any warrant in the statute for compelling the county to pay for his lights and fuel. The judgment of the Circuit Court must be affirmed.

*Judgment affirmed.*