Gould v. County of Rock Island.

---

# GEORGE D. GOULD
## v.
# THE COUNTY OF ROCK ISLAND.

ACTION AGAINST COUNTIES — DECLARATION—COMMON COUNTS —In an action against a municipal corporation, as a county, there are many different causes of action which may be proved under a declaration containing only the common counts, and such a declaration is not obnoxious to a general demurrer.

ERROR to the Circuit Court of Rock Island county; the Hon. GEORGE W. PLEASANTS, Judge, presiding. Opinion filed January 3, 1879.

Messrs. KENWORTHY & BEARDSLEY, for plaintiff in error; that

a recovery may be had against a county under the common counts, cited Rev. Stat. 1874, 306 §§ 22, 24; Bradford v. Chicago, 25 Ill. 411; Rew v. Barker, 3 Cow. 280; Dillon on Municipal Corporations, 704; Board of Supervisors etc. v. Reynolds, 49 Ill. 186; McClaughry v. Hancock Co. 46 Ill. 357; Armsby v. Warren County, 20 Ill. 126; County of LaSalle v. Simmons, 5 Gilm. 513.

Where a special contract has been performed and nothing remains but payment, a recovery may be had under the common counts: Thomas v. Caldwell, 50 Ill. 138; Elder v. Hood, 38 Ill. 533; Pickard v. Bates, 38 Ill. 40; Adlard v. Muldoon, 45 Ill. 193; Lane v. Adams, 19 Ill. 169; Childs v. Fischer, 52 Ill. 205; County of Jackson v. Hall, 53 Ill. 440.

Messrs. SWEENEY, JACKSON & WALKER, for defendant in error; that taking leave to plead after demurrer is equivalent to confession of demurrer, cited Haven v. Green, 26 Ill. 253.

A declaration against a county, containing only counts for work and labor done, materials furnished, money paid, and for interest on money, will not support an action: Seagraves v. Alton, 13 Ill. 373; Argenti v. San Francisco, 16 Cal. 255.

As to the power of a municipal corporation to act and contract: Betts v. Menard, Breese, 395; Perry v. Kinnear, 42 Ill. 160; Thompson v. Lee County, 3 Wall. 330; Mayor v. Ray, 19 Wall. 475; Kennard v. Cass County, 3 Dillon, 146; Thayer v. Montgomery County, 3 Dillon, 389.

LELAND, J. This was an action of assumpsit in which a general demurrer was sustained to a declaration properly entitled, and which, after the usual commencement, is as follows:

" For that, whereas, the defendant, on the 8th day of April in the year, A. D. 1877, in the county aforesaid, was indebted to the plaintiff in the sum of $3,000 for labor and services of the plaintiff, by him before that time done and bestowed in and about the business of the defendant at its request; and in the sum of $3,000, for work before that time done and material for the same furnished by the plaintiff for the defendant, at its request; and in the sum of $3,000 for money before that time

paid and expended by the plaintiff for the use of the defendant, at its request; and in the sum of $3,000 for interest on divers sums of money before that forborne by the plaintiff, to the defendant, at its request, for divers spaces of time before then elapsed, and being so indebted, the defendant, in consideration thereof, then and there promised the plaintiff to pay him the said sum of money on request. Yet, the defendant, though requested so to do, has not paid the same or any part thereof, to the plaintiff, but re uses so to do, to the damage of the plaintiff of $3,000, and therefore he brings this suit, etc."

No exception is taken to the form or substance of the declaration, except that it is not good where a municipal corporation, like a county, is a defendant, though it would be in a case against an individual and other corporations not municipal.

The only question is whether the plaintiff below could under this declaration, introduce evidence of any cause of action. We think it is settled by the adjudications of our Supreme Court, that there might be many different causes of action against the defendant proved under the allegations aforesaid. We cite a few cases: McClaughry v. Hancock County, 46 Ill. 357; Maher v. Chicago, 38 Ill. 266; Bradford v. Chicago, 25 Ill. 411; Armsby v. Warren County, 20 Ill. 126; The County of LaSalle v. Simmons, 5 Gilm. 513; County of Jackson v. Hall, 53 Ill. 440.

We could, if important, enumerate many instances of labor and materials furnished and money paid for which there might be a recovery, not only on implied, but on express contracts fully performed, except payment of the money; also for interest on an adjusted balance, or on money withheld by an unreasonable and vexatious delay of payment.

Counsel for defendant in error concede that this declaration would be good if the count for money had and received were in it, and it is so decided in LaSalle v. Simmons, *supra*. Why not also concede, that where a contract for labor or materials has been performed, except payment, there could be a recovery under this declaration, as stated by Judge Walker on page 444 of the 53 Ill. *supra?* Or for money paid, laid out and

expended, as decided in Armsby v. Warren Co. above cited? Or on an implied contract, Maher v. Chicago, 38 Ill. 266.

The question seems to us not to be an open one in this State. If it were, we should not consider it one about which there was any serious question. Dillon on Municipal Corporations, 2nd ed. § 383, note 1.

If the defendant desires to be more particularly informed in relation to the nature of plaintiff's demand it must have him ruled to furnish a bill of particulars.

Reversed and remanded.